FREDERICK FULLER KISLINGBURY ET AL., DEFENDANT-APPELLANT, v. THE TREASURER OF THE CITY OF PLAINFIELD, APPELLEE.

For the defendant-appellant Frederick Fuller Kislingbury, *Joseph J. Mutnick, Jr.*

For Joseph Siccardi et al., *Codington, Blatz & Smalley.*

For the treasurer of the city of Plainfield, *William Newcorn.*

STEIN, J. January 24th, 1932, the defendant-appellant Frederick Fuller Kislingbury was arrested by the police of the city of Plainfield for violation of the third section of an ordinance of the city of Plainfield entitled "An ordinance relating to the morals, peace and good order of the city of Plainfield," approved April 23d, 1874, and the amendments and supplements thereto. On January 27th, 1932, the city judge of Plainfield heard the complaint against the defendant-appellant, and on conviction sentenced him to pay a fine of $25. At the same time and also later other persons were convicted for violation of the ordinance and appeals from all of said convictions are now before the court. Counsel stipulated in open court that the decision in the case of Frederick Fuller Kislingbury is to be dispositive of all the appeals.

The complaint charges that the defendant Kislingbury, "on the 24th day of January, 1932, by supervising and conducting as manager thereof caused to be given a public motion picture exhibition on the first day of the week commonly called Sunday, namely, on the 24th day of January, 1932, in the city of Plainfield aforesaid, engaged in a trade requiring the exercise of manual labor, to wit, by supervising and conducting as manager thereof and causing to be given a public motion picture exhibition, the said Frederick F. Kislingbury not being a person who habitually observes the seventh day, commonly called Saturday, as the Sabbath, and who carries on his business within his premises in such a manner as not to disturb the religious observance of Sunday as the Sabbath."

The section of the ordinance pertinent to the charge laid in the complaint provides, "no person shall cry or openly expose for sale any wares, merchandise, fruit, herbs, meats, fish, foods or chattels, or keep open any shop or store or place in which said articles are sold, or in which the occupation of barber, shoemaker, blacksmith, silversmith, or other trade requiring the exercise of manual labor is carried on, on the first day of the week, commonly called Sunday, except in cases of necessity, and the sale of milk and medicine. Any person violating this section shall upon conviction thereof be fined in a sum not exceeding $25, or be imprisoned in the city or county jail not exceeding ten days, or both, in the discretion of the court. Provided, however, that this section shall not apply to any person who habitually observes the seventh day, commonly called Saturday, as the Sabbath, and who carries on his business within his premises in such a manner as not to disturb the religious observance of Sunday as the Sabbath."

All of the persons convicted were engaged in one capacity or another in and about the Paramount theatre during a moving picture performance on the first day of the week, commonly called Sunday.

Whether or not moving picture theatres may lawfully be operated on Sunday is not before this court for decision. The question raised by this appeal is whether the defendant

was lawfully convicted under the charge laid in the complaint
and the ordinance upon which it is based. The ordinance
prohibits one from crying and openly exposing for sale
wares, merchandise, fruits, herbs, meats, fish, goods or chat-
tels, or the keeping open of any show, store or place *in which
said articles are sold,* or in which the occupation of barber,
shoemaker, blacksmith, silversmith, *or other trade requiring
the exercise of manual labor is carried on.*

Do the acts alleged against the defendant in the complaint,
namely, "supervising and conducting as manager thereof" a
public motion picture exhibition come within the purview of
this section of the ordinance?

The ordinance is penal in character and must therefore
be strictly construed. Its provisions cannot be extended by
implication. Any case which does not come within its words
cannot be brought within it by construction.

It was argued before the court that the words "or other
trade requiring the exercise of manual labor" brought the
defendant within the prohibition.

Certainly supervising and conducting a motion picture
exhibition cannot by any stretch of the imagination be con-
sidered as offering for sale the wares and merchandise spe-
cifically enumerated in the ordinance or to conducting a shop
or store in which such articles are sold, or as following the
occupation of a barber, shoemaker, blacksmith, silversmith,
or the conducting of any *trade* requiring the exercise of
manual labor.

General terms, following a specification of things of a par-
ticular class, must be understood to refer to things of the
same class, or at least of the same general character. And so,
where the ordinance provides as it does in this instance
against exposing for sale wares and merchandise and spe-
cifically enumerates the kind of merchandise intended, and
prohibits the opening of any shop, store or place in which
such articles are *sold* and specifically prohibits one from fol-
lowing the occupation of barber, shoemaker, blacksmith, sil-
versmith, the words "or other trade requiring the exercise of
manual labor" can only refer back to the things specifically

enumerated. "Where general words follow particular words, the rule is to construe the former as applicable to the things or persons particularly mentioned." *Livermore et al.* v. *Board of Chosen Freeholders of the County of Camden,* 31 *N. J. L.* 507; *Curtis & Hill Gravel and Sand Co.* v. *State Highway Commission,* 91 *N. J. Eq.* 421; 111 *Atl. Rep.* 16.

The ordinance also provides that it "shall not apply to any person who habitually observes the seventh day, commonly called Saturday, as the Sabbath, and who carries on his business within his premises in such a manner as not to disturb the religious observance of Sunday as the Sabbath."

Such a provision is violative of the federal and state constitutions. Article 14, section 1 of the federal constitution provides against the making or enforcing of any law which abridges the privileges or the immunities of citizens or which denies to any person within its jurisdiction the "equal protection of the laws." And the state constitution, article 4, section 11, among other things provides against granting to any individual any exclusive privilege, immunity or franchise whatever. "Equal protection of the laws" means equal security or burden, under the laws, to everyone similarly situated.

In *In re Van Horn,* 74 *N. J. Eq.* 600; 70 *Atl. Rep.* 906, Vice-Chancellor Garrison, in considering section 2 of chapter 185 of the act of 1908, which prohibits persons conducting theatres from admitting any child under the age of sixteen years unaccompanied by a parent or guardian or adult friend and which contains the proviso that the section "shall not apply to any performance given by or under the auspices of any public or private school or any church or Sunday school or by any charitable organization or society nor to entertainments held on piers devoted to public entertainment," said, in referring to the fourteenth amendment of the federal constitution: "A statute to escape condemnation as infringing the rights guaranteed by this amendment must bear alike upon all individuals and classes and districts that are similarly situated, in a similar manner, and with uniformity; otherwise there would be unjust discrimination, which this constitutional

amendment prohibits, the purpose of the constitutional amendment must have been to prevent that which was arbitrary or capricious, and to require uniformity and equality under like conditions."

"The so-called police power of the legislature which enables it to make regulations and restrictions to protect health, morals, safety and welfare of the people undoubtedly justifies the enactment of many laws which interfere with and regulate the conduct of the individual in his relation to the public, and the judgment of the legislature is to be given great, if not controlling weight as to what conduct on the part of individuals constitutes a menace. to the health, morals, safety or welfare of the general public and its determination will rarely, if ever, be interfered with by the courts, *but this does not justify a legislative enactment which discriminates where there is no basis for discrimination.*

"Wherever an enactment has attempted to make that a crime in one place which by all laws of reason must be a crime elsewhere within the same jurisdiction, such attempted distinction is found by the courts to be illusory, and the act is held unconstitutional."

The ordinance under consideration divides the people of Plainfield into classes and exempts from its operation all persons who habitually observe the seventh day commonly called Saturday, as the Sabbath, and permits such persons to carry on business in such a manner as not to disturb the religious observance of Sunday. On the other hand it prohibits other persons from carrying on business within their premises even though such persons carry on their business in such a manner as not to disturb the religious observance of Sunday, and permits the sale of milk and medicine by still another class, and finally exempts from its operation such persons who do business on Sunday "in cases of necessity" and is therefore highly discriminatory in its provisions.

In *Middleton* v. *Middleton,* 54 *N. J. Eq.* 692; 35 *Atl. Rep.* 1065, the Court of Errors and Appeals was considering an act permitting a limited divorce for adultery or desertion under *Pamph. L.* 1891, which act provided that for desertion, adul-

tery or extreme cruelty the Court of Chancery may decree a divorce from bed and board forever thereafter or in case of extreme cruelty for a limited time, but that in every such case, except for extreme cruelty the party applying shall prove that he or she has conscientious scruples against applying for a divorce from the bond of matrimony; and that "when such proof has been made the court, in case it shall deem it just to do so may also decree that the given party shall forfeit all right to dower, curtesy, and administration of or participation in the property or estate of the party in whose favor the decree is entered" and in that case the court held:

"The wisdom of this law is not a question for the court. The legality of it is all that we are to determine. The legislature may prescribe those rights and obligations, but it must do so within the limits fixed by the constitution of this state and of the United States. It cannot be denied that the legislature has power to pass an act giving to all petitioners for divorce the right to apply for an absolute or a limited divorce as he or she may elect; for such an act would operate equally upon all persons, and would impose *no special consequence* and confer *no exclusive privilege* upon any. The act of 1891 is, however, not of this character in that it does confer upon certain petitioners rights, and imposes upon certain offenders consequences, which are determined, *not by the character of the offense, but by the opinions of the injured party.* * * *." "The constitution of the United States forbids any state 'to deny to any person within its jurisdiction the equal protection of the laws,' and it certainly seems to be a true construction of that prohibition to hold that the laws which are operative should be laws which impress themselves equally upon all without regard to the individual opinions of any."

The charge made against the defendant does not come within the provisions of the ordinance. The ordinance is discriminatory and unconstitutional and therefore the convictions must be set aside.